UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLISTER GEORGE, | 1: 08 CV 00132 AWI  WMW HC |
| Petitioner, | ORDER DENYING MOTION FOR STAY |
| | [Doc. 12] |
| v. | |
| W. J. SULLIVAN, WARDEN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.

On June 11, 2008, Respondent filed a motion for stay of the proceedings pending the Ninth Circuit's en banc review in <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir.2008), *reh'g en banc granted*, ___ F.3d ___, 2008 WL 2131400, No. 06-55392 (9th Cir. May 16, 2008).  Petitioner has not responded to the motion.

**DISCUSSION**

As Respondent notes, the Ninth Circuit has acknowledged that this Court "may, with

propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." <u>Leyva v. Certified Grocers of California Ltd.</u>, 593 F.2d 857, 863 (9th Cir.1979). However, the Ninth Circuit has also determined that "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority." <u>Yong v. Immigration and Naturalization Service</u>, 208 F.3d 1116, 1119 n. 2 (9th Cir.2000). In addition, "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." <u>Yong</u>, 208 F.3d at 1120. "Special solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" <u>Id</u>., *quoting* <u>Fay v. Noia</u>, 372 U.S. 391, 400 (1963). In <u>Yong</u>, the Ninth Circuit addressed an analogous situation where the district court issued a stay pending a decision from the Supreme Court. The Ninth Circuit found that although considerations of judicial economy are appropriate, they cannot justify an indefinite and potentially lengthy stay of a habeas proceeding. <u>Id</u>. at 1120-21. Consequently, the Ninth Circuit ruled the district court abused its discretion in granting a stay.

In this case Respondent asks the Court to stay the proceedings pending a decision in <u>Hayward</u>. Like <u>Yong</u>, such a stay would be lengthy. As well, this is a habeas proceeding and therefore implicates special considerations that limit the Court's authority to issue a stay. But more importantly, there is ample binding precedent from the Ninth Circuit other than <u>Hayward</u> which bear on the issues in the petition. See <u>Superintendent v. Hill</u>, 472 U.S. 445, 457 (1985); <u>Biggs v. Terhune</u>, 334 F.3d 910, 914 (9th Cir.2003); <u>Sass v. California Board of Prison Terms</u>, 461 F.3d 1123, 1127-28 (9th Cir.2006); <u>Irons v. Carey</u>, 505 F.3d 846, 851 (9th Cir.2007). Pursuant to <u>Yong</u>, this Court has no authority to await a further ruling from the Ninth Circuit before applying these binding precedents. 208 F.3d at 1119 n. 2.

///
///
///
///

**ORDER**

Accordingly, IT IS HEREBY ORDERED as follows:

1) Respondent's motion for stay is DENIED;

2) Respondent's response to the petition for writ of habeas corpus shall be filed no later than sixty (60) days from the date of service of this order.

IT IS SO ORDERED.

**Dated:  December 3, 2008**            /s/  William M. Wunderlich
                                    UNITED STATES MAGISTRATE JUDGE