# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOLLISTER GEORGE, | ) | 1:08-CV-132 AWI MJS (HC) |
| Petitioner, | ) ) | ORDER DECLINING TO ISSUE STAY PENDING APPEAL |
| v. | ) ) | |
| W.J. SULLIVAN, | ) ) | (Doc. No. 27) |
| Respondent. | ) ) | |

Petitioner challenged the denial of a parole date through this habeas corpus proceeding. On June 16, 2010, the Court declined to adopt a Findings and Recommendation and instead granted Petitioner's request for a writ of habeas corpus. The Court reviewed the denial of a parole date, determined that the decision was not supported by "some evidence," and ordered the California Board of Parole Hearings ("BPH") to set a parole date within 30 days. See Court's Docket Doc. No. 22. Respondent requested that the Court issue a stay pursuant to Federal Rule of Civil Procedure 62(c), and then filed a notice of appeal. See Court's Docket Doc. Nos. 27, 28.

Respondent argues that a stay should be issued because: (1) it has a strong likelihood of success on appeal because this impermissibly utilized California's "some evidence" standard in evaluating the petition; (2) a stay would not substantially injure Petitioner because he has an indeterminate life sentence; (3) Respondent would be irreparably harmed because issuance of a parole date jeopardizes public safety; and (4) the public has an interest in ensuring that decisions by the BPH remain undisturbed.

*Legal Standard*

Through Federal Rule of Civil Procedure 62(c), a district court "retains jurisdiction during the pendency of an appeal to act to preserve the status quo." Natural Resources Defense Council,

1  Inc. v. Southwest Marine, Inc., 242 F.3d 1163, 1166 (9th Cir. 2001).  "Rule 62(c) does not restore
2  jurisdiction to the district court to adjudicate anew the merits of the case," and the "district court's
3  exercise of jurisdiction should not materially alter the status of the case on appeal." Mayweathers v.
4  Newland, 258 F.3d 930, 935 (9th Cir. 2001); Southwest Marine, 242 F.3d at 1166.  In relevant part,
5  Rule 62(c) reads:

> (c) Injunction Pending Appeal. When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. . . .

Fed. R. Civ. P. 62(c).

"A party seeking a stay of a lower court's order bears a difficult burden." United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc., 44 F.3d 1082, 1084 (2d Cir. 1994). District courts consider four factors in ruling on Rule 62(c) motions: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987); United States v. 1020 Elect. Gambling Mach., 38 F.Supp.2d 1219, 1220 (E.D. Wash. 1999); Overstreet ex rel. NLRB v. Thomas Davis Medical Ctrs., P.C., 978 F. Supp. 1313, 1314 (D. Ariz. 1997); Texaco Ref. & Mktg. v. Davis, 819 F.Supp. 1485, 1486 (D. Or. 1993); Miller v. Carlson, 768 F.Supp. 1341, 1342 (C.D. Cal. 1991).  "This standard for evaluating the desirability of a stay pending appeal is quite similar to that which the Court employ[s] in deciding to grant [a] preliminary injunction." Miller, 768 F.Supp. at 1342 (citing Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983)).  With respect to irreparable injury, speculative injury does not constitute irreparable injury.  See Goldie's Bookstore v. Superior Ct., 739 F.2d 466, 472 (9th Cir. 1984). Rather, a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. See Caribbean Marine Services Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).  In evaluating the harm that will occur depending upon whether the stay is granted, a court may consider: "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d

150, 153 (6th Cir. 1991).

*Discussion*

After reviewing the *Hilton* factors, the Court does not believe that a stay is appropriate. Respondent has not made a sufficient showing that it is likely to succeed on appeal, has not sufficiently shown irreparable injury, has not sufficiently shown that Petitioner will not be harmed, and has not sufficiently shown that the public interest clearly lies in favor of a stay, such that a stay should issue. Respondent has not adequately met its "difficult burden" of showing that a stay of this Court's order is necessary. See Hilton, 481 U.S. at 776; Private Sanitation, 44 F.3d at 1084.

Accordingly, IT IS HEREBY ORDERED that Respondent's Rule 62(c) motion is DENIED.

IT IS SO ORDERED.

Dated:     June 23, 2010

_____
CHIEF UNITED STATES DISTRICT JUDGE