# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOLLISTER GEORGE, | ) | 1:08-CV-132  AWI MJS (HC) |
|               Petitioner, | ) | |
| | ) | ORDER DENYING RESPONDENT'S |
|    v. | ) | RENEWED MOTION FOR STAY |
| | ) | |
| W.J. SULLIVAN, | ) | (Doc. No. 56) |
| | ) | |
|               Respondent. | ) | |

Currently pending before the Court is Respondent's renewed motion for stay. For the reasons that follow, the Court will deny the motion.

**BACKGROUND**

Petitioner challenged the denial of a parole date through this habeas corpus proceeding. On June 16, 2010, the Court declined to adopt a Findings and Recommendation and instead granted Petitioner's request for a writ of habeas corpus. See Court's Docket Doc. No. 22. The Court reviewed the denial of a parole date, determined that the decision was not supported by "some evidence," and ordered the California Board of Parole Hearings ("BPH") to set a parole date within 30 days. See id.

Respondent requested that the Court issue a stay pursuant to Federal Rule of Civil Procedure 62(c), and then filed a notice of appeal. See id. at Doc. Nos. 27, 28. On June 23, 2010, the Court declined to issue a stay. See id. at Doc. No. 29. On July 1, 2010, the Ninth Circuit also declined to

issue a stay.  See id. at Doc. No. 33.

On July 7, 2010, the BPH held a hearing and calculated George's release date.  See id. at Doc. No. 38-2.  As of July 7, 2010, George had already met his calculated release date.  See id. However, the BPH told George that the decision would not be final until the BPH en banc panel and the Governor had reviewed the decision.  See id.

On August 30, 2010, Petitioner filed a motion for immediate release pending appeal pursuant to Federal Rule of Appellate Procedure 23(c).  See id. at Doc. No. 38.  On September 15, 2010, the Court granted George's motion for release pending appeal.  See id. at Doc. No. 51.  On September 24, 2010, the Court signed a stipulated conditions of release.  See id.  Respondent did not appeal this order.  On September 28, 2010, Petitioner was released under the supervision of the Federal Pretrial Services. See Court's Docket Doc. No. 55.

On October 29, 2010, Respondent filed a renewed motion to stay the Court's June 16, 2010, order.  See id. at 56.  The motion is based on intervening Ninth Circuit authority decided on October 12, 2010 – *Haggard v. Curry*, 623 F.3d 1035 (9th Cir. 2010).  *Haggard* indicates that, when the BPH unreasonably applies California's 'some evidence standard' or makes its denial of a parole date based on an unreasonable determination of the facts in light of the evidence, the appropriate remedy is a new hearing by the BPH.

On November 2, 2010, the Court set a hearing date of December 6, 2010, to decide the motion to stay.[1]  See Court's Docket Doc. No. 59.

On December 1, 2010, the Court granted in part Petitioner's motion for continuance and moved the hearing date to December 20, 2010.  See id. at Doc. No. 63.  The Court has now received all briefing on this matter.

### **RESPONDENT'S RENEWED MOTION**

*Respondent's Argument*

Respondent argues that the Court has the authority preserve the status quo pending an appeal.

---

[1] Petitioner filed a motion to strike Respondent's renewed motion for stay and that motion was set for hearing on December 6, 2010.  Petitioner subsequently withdrew the motion to strike.  See Court's Docket Doc. No. 60.

Under the *Hilton* factors,[2] the intervening *Haggard* decision makes clear that the Court ordered an improper remedy when it ordered the BPH to grant Petitioner a parole date, because the proper remedy was a new hearing. Because the Court ordered an improper remedy, Respondent argues that it has a high probability of success on appeal. Further, the remaining *Hilton* factors weigh in favor of issuing a stay as described by *Haggard*. That is, Petitioner will not be irreparably injured because he is not entitled to immediate release, and the public interest weighs in favor of a stay because it allows the responsible state agency to determine parole suitability.

*Petitioner's Opposition*

Petitioner argues that the Court does not have jurisdiction. First, although the Court does have the ability to preserve the status quo pending appeal, Respondent is requesting that the Court actually alter the status quo. Petitioner has had his term determined and he is under supervision. Staying the order would undo what has already been done. Second, the application is moot because there is no relief that the Court can provide. The BPH has calculated Petitioner's term and that decision is now final.[3] That is, the BPH has already complied with the Court's order. The Court cannot turn back the clock to the day prior to the July 2010 BPH hearing. Third, Petitioner argues that the *Hilton* factors do not weigh in favor of a stay.

*Discussion*

The Court is not convinced that it has the authority to issue a stay. First, the writ in this case ordered the BPH to "calculate a term for Petitioner in accordance with the requirements of California Penal Code § 3041, with credit for time since the February 15, 2007 decision as if parole had been granted, and any other term credit to which he is entitled by law." Court's Docket Doc. No. 22. On July 7, 2010, after the Ninth Circuit declined to issue a stay, the BPH followed the directive of the writ. In other words, the BPH already has complied with the Court's writ, so there is nothing to stay.

---

[2] The *Hilton* factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

[3] Petitioner also points out that the time for the Governor to review the BPH's new decision has passed, and there was no reversal or modification of the BPH's July 7, 2010, decision.

See Doc. No. 85 in Eastern District of California case Valdivia v. Brown, 2:05-CV-416 FCD DAD.[4] Because there is nothing for the Court to stay, Respondent's renewed motion for stay of the Court's June 16, 2010, writ appears moot. See id.

Second, as both parties acknowledge, the purpose of a stay pending appeal is to preserve the status quo. See Mayweathers v. Newland, 258 F.3d 930, 935 (9th Cir. 2001); Natural Resources Defense Council, Inc. v. Southwest Marine, Inc., 242 F.3d 1163, 1166 (9th Cir. 2001). Citing *Natural Resources* and *Mayweathers*, Respondent argues that the status quo is the situation that existed at the time of the appeal. However, the circumstances of those cases are different from this case. In *Natural Resources*, the district court made minor modifications to an existing injunction and the modifications did not materially alter the status quo. See Natural Resources, 242 F.3d at 1165-67. In *Mayweathers,* the district court issued a second injunction, which was identical to the first, because the first injunction was set to expire. Mayweathers, 258 F.3d at 934-35. The second injunction simply continued the first injunction, which was issued prior to the time of the appeal. See id.

Both *Mayweathers* and *Natural Resources* involved injunctions that had been issued prior to an appeal. In contrast, no injunction or stay was issued prior to Respondent's appeal, and neither this Court nor the Ninth Circuit took steps to preserve the status quo as of the time of Respondent's appeal. Since the time of the appeal, the circumstances of the case have changed dramatically: the Ninth Circuit declined to issue a stay, the BPH held its hearing and issued a parole date, the Court ordered George released under Pre-Trial Services supervision, Respondent did not challenge that order, George has been released, and by all accounts his programming during supervised release has been successful. Respondent's motion would significantly change the now existing status quo. In

---

[4] In *Valdivia v. Brown*, Judge Damrell of this district issued a writ on March 14, 2008, that provided for essentially identical relief as the writ in the case at bar. See Doc. No. 46 in Eastern District of California Case No. 2:05-cv-416 FCD DAD. The Ninth Circuit initially stayed the writ, but in May 2010 lifted the stay. See id. at Doc. No. 60-2. After the stay was lifted, the BPH set a parole date that Valdivia had already reached. See id. at Doc. No. 60-1. Valdivia then moved for release pending the appeal, and the motion was granted. See id. at Doc. Nos. 73-76. Following the issuance of *Haggard*, Respondent filed a motion to stay the March 14, 2008, writ order. See id. at Doc. No. 81. In denying the motion to stay on December 8, 2010, Judge Damrell explained: "Because the [BPH] calculated a term for Petitioner in accordance with the requirements of California Penal Code § 3041(a) and set a date for release, and because Petitioner has been released, the court's March 14, 2008, order has been fully executed. As such, there is nothing for the court to stay. [footnote omitted] Accordingly, respondent's motoin to stay is DENIED as MOOT." Id. at Doc. No. 85.

1  light of the posture of this case, it is not clear that returning to the state of affairs of June 2010 is
2  appropriate.

### CONCLUSION

Respondent renews its motion to stay the Court's June 16, 2010, writ order. Respondent has not shown that a stay is appropriate. First, the writ has been executed by the BPH. Because the writ has been executed, there is nothing for the Court to stay. As such, the renewed motion to stay the June 2010 writ order appears to be moot. Second, the Court may issue a stay or injunction in order to preserve the status quo, but otherwise loses jurisdiction once an appeal is filed. However, stays have previously been denied by this Court and the Ninth Circuit in this case, and the status quo has changed significantly since Respondent's appeal in June 2010. Respondent has not shown that it is appropriate to look at the status quo as it existed in June 2010.

Accordingly, IT IS HEREBY ORDERED that Respondent's renewed motion for stay is DENIED.

IT IS SO ORDERED.

Dated:   December 21, 2010

_____
CHIEF UNITED STATES DISTRICT JUDGE